## Bianchini *v.* Capristo et al., Appellants.

*Partnership—Bill in equity for accounting—Evidence—Sufficiency.*
On a bill in equity for an accounting between the members of an alleged partnership, a preliminary decree, ordering an accounting, will be affirmed, where there is sufficient evidence to support the allegations of the plaintiff.

Argued April 30, 1926. Appeals Nos. 150 and 151, April., 1926, by defendants, from judgment of C. P. Allegheny County, January T., 1924, No. 2269, sitting in equity, in the case of Anna M. Bianchini v. Joseph Capristo and Tony Iacovetti. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity for an accounting. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court entered a decree requiring the defendants to file an account. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Charles A. Lewis,* for appellants.

No appearance and no printed brief for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The plaintiff in this proceeding in equity filed a bill praying for an accounting from the defendants and the dissolution of a partnership averred to have existed between them. The defendants filed an answer denying the existence of the partnership and their liability to account. The testimony of the parties and the witnesses called by them, respectively, was taken before the learned judge of the court below, who, upon this

preliminary question of liability, filed a decree in favor of the plaintiff and requiring the defendants to account, from which decree we have these appeals by the defendants.

The plaintiff averred in her bill that after the death of her husband, on August 9, 1922, she had entered into an agreement with the defendants to form a partnership to operate a "Commissary," at the Clairton plant of the Carnegie Steel Company, the profits and losses to be equally shared by the partners; Capristo to be the active manager thereof without pay; that during the existence of the partnership the defendants had paid to her the sum of $155 as her share of the profits, but that the defendants had subsequently refused plaintiff access to the partnership books and accounts and refused to render an account of the operations of the partnership and denied that she had any interest therein. The defendants filed an answer denying that any partnership agreement had been made. The evidence upon this question was heard by the judge of the court below who, after consideration thereof, entered a decree in favor of the plaintiff, dissolving the partnership, and requiring the defendants to account. There are a number of assignments of error to findings of fact by the learned judge of the court below. Those findings of fact, so far as they are material to the rights of the parties were fully sustained by the evidence. The learned judge did, however, in the 11th, 12th and 13th findings state that the partnership originated on April 1, 1922, and a careful consideration of the evidence has convinced us that this finding was inaccurate, and was not sustained by evidence. The evidence clearly indicates that the partnership began business on September 1, 1922, instead of April 1, 1922. With this exception, the facts stated in those three findings were fully sustained by the evidence. The husband of the plaintiff did not die until August 9, 1922, and her

testimony as well as that of the witnesses whom she called clearly disclosed that the partnership here in question was not formed and did not begin business until after the death of that husband.  The date when the partnership began business *is a matter of detail*, which will become material when the actual accounting is had.  There is no doubt that the partnership was in existence at the time the bill was filed and that it continued in business from September 1, 1922, under the style of "Bianchini Supply Company" until after the bill was filed.  We call attention to this mistake in the finding as to when the partnership originated, for the reason that it may lead to confusion when it comes to the actual accounting.  We have carefully considered all the evidence and are convinced that the court did not err in entering the decree requiring the defendants to account.

The decree is affirmed and the appeals are dismissed at cost of the appellants.